Good morning, Your Honors. If it pleases the Court, Jonathan Fink, Wright, Finley, and Zak, on behalf of the Federal National Mortgage Association, I'm splitting time with co-appellant Freddie Mack, and would like to reserve three minutes for rebuttal on my portion of the argument. So, how much time are you leaving to the other side? We're splitting evenly the seven and a half minutes each of us, and I'm reserving of my seven and a half, three, in case there's any rebuttal needed. You're taking four and a half to open, sir? I think I'll need less than that, Your Honors. All right. Unless Your Honors have questions, of course. There are just three issues here, Your Honors. The issue that first must concern us is whether or not this order is indeed appealable. And it is absolutely clear, as set forth in our briefs, that this is, in fact, an appealable remand order. This is not a remand order that was based on subject matter jurisdiction. It did not fall under 1447C. The Court's order was quite specific in that regard. The second issue is whether or not, since this was not based upon subject matter jurisdiction, the remand order was, in fact, an order the Court could issue sua sponte. In this instance, the Court, without any advance warning, without notice or opportunity to be heard to, Fannie Mae, as part of another order, remanded this case to state court more than 30 days after the time for remand had already last. There was no motion for remand. Is there a subtext to this? Did the judge get mad at you? I don't think so, Your Honor. Did he get sort of sick of you and say, go back to state court? I don't believe that was at all the case. I don't believe Judge Reel had any thought in his mind other than waiver. I don't believe there was any animus. I don't believe there was any agenda other than, as he read the RTC v. Bayside case, he thought there was a waiver, which is our third issue. We don't get there, of course, if the district court lacked the right to sua sponte remand, which it did in this instance. But let's assume that the court had made a timely remand order. The third issue of waiver simply is a case of the district court misreading RTC v. Bayside. A waiver must be knowing and intentional. Here we have an instance where the judge based his remand order on the fact that there were U.D. actions which had been filed and which were then dismissed subsequent to the bringing of the class action. Once the class action got filed, it was removed to federal court. The U.D. action was dismissed. The U.D. action never went to judgment. And under the case law cited in the briefs, there was absolutely no knowing or intentional waiver of the right to remove it. When you say U.D., you're talking about unlawful detainer? Yes, Your Honor, my apologies. Let me ask you a question. You couldn't file an unlawful detainer action in federal court because it doesn't exist. Correct, Your Honor. All right. So that's my problem with the waiver argument, that how could you waive something that you couldn't have done in the first place? And, indeed, that was one of the arguments we raised in our motion for reconsideration to Judge Reel, and he simply said, no, you waived it by filing the U.D. action even though you did not pursue it to judgment. But wasn't the timing of it also, too, that once you got removed to federal court, then you dismissed it? So you filed the U.D. before the class action was removed to federal court, right? We filed the U.D. action before there was a class action. So let's say if you had filed the U.D. after the class action had been filed and removed to federal court, might the argument be somewhat stronger? It still wouldn't matter because the case law is absolutely clear under Kelton Arms, for example, that you have to go beyond simply filing an action. You have to take the action through to, in essence, judgment. You have to make that election that I don't want to be in federal court. And since the U.D. action is separate from the class action, you could never make that determination as to the class action. We would have had to have done something when the class action was filed in state court to indicate waiver. He could not properly base it on a separate U.D. action. Other than that, I, unless Your Honors have any questions, I have nothing else to add other than what's in our papers. Thank you. I'll turn it over to Freddie Maxfield. Good morning. May it please the Court. My name is Mark Landman. I'd like to reserve three minutes for rebuttal. Just very quickly, I think this case demonstrates the problem when a district judge ignores the court's decision in Kelton. This Court made it very clear that unless you're talking about subject matter jurisdiction, the Court should not be remanding a case sua sponte. And certainly this Court has repeatedly said, I think California National Resources and Kelton, that it has to be within 30 days. In this case, the Court remanded the case but did not have any question that the Court had subject matter jurisdiction. The vast majority of the appellee's brief is devoted to arguing that the Court found that it did not have jurisdiction, subject matter jurisdiction. That's absolutely not correct. On May 17th, June 2nd as well, 2010, both times the Court made repeated statements recognizing that he knew he had jurisdiction over Freddie Mac. That's at the record, the excerpt of record at 18, at 20, 15, 23, 24 to 27, and 28. Nor could he. Our statute is quite clear. Not only can Freddie Mac remove a case up until the time of trial, but it can remove a case when it's a party, not even if it's only a defendant. It can remove a case as a plaintiff. Now, therefore, the issue in this case is simple. Can the Court, sua sponte, remand a case when it has subject matter jurisdiction, and can it do so more than 30 days after? And the reason the 30 days, this Court held in Kelton it can't do it at all, whether it's within 30 days or not. But in this case, this shows you why the 30-day rule is so important. In this case, the remand order came almost six months after this case was removed to Federal court. On June 7, 2010, it was remanded. If you look at the docket, which is in the at the end of the excerpted record, there's 100 entries. So what happened is there were motions filed, there was an amended complaint, a motion to dismiss that was granted, then an amended complaint, then there were motions on that. And then, Your Honor, I don't know what happened below, but if we were, if the Court would allow this to happen, a judge could get mad at the parties, a judge could be bored with the case, a judge could decide that they have more important things to do. That's what Kelton says you cannot do. Is there anything novel about this case, or is it just an application of existing precedent? Absolutely nothing novel about this case on all three points, jurisdiction, on the issue of whether the Court had the authority to do this, and on the issue of waiver. There's just a ton of cases. Let me address the issue of waiver, because with regard to Freddie Mac, we had an unlawful detainer action that we brought. We didn't even name Mr. Cruz in that. He apparently was an illegal tenant. We didn't find out about him until April 2010, long after we had removed this case, but we had an unlawful detention, detainer action pending with regard to this property. And immediately we did dismiss that after he moved to intervene. But the Baker v. Firestone case, Bradley, Grubb, Rothner from the Second Circuit, Hinks, Luccarelli, McKnight, all stand for the proposition that that is completely irrelevant to this action, which seeks, among other things, punitive damages, compensatory damages, constructed business and professional code of California, negligence, has nothing to do with unlawful detainer actions, which is simply to get possession of the property, in which there cannot even be a cross-claim or a counter-claim. Unless there's any questions, I'll reserve my time. Thank you. I guess I have a question. I'm wondering if there's anything novel or different about the class action, the period of class action. Your Honor, it just strengthens our argument, because obviously that makes it even more unrelated to a lawful detainer, which is a summary proceeding and very limited and strictly. I think we're asking the question more from the standpoint of publication. Oh, I apologize. First of all, what the Court ultimately decided is that there really wasn't a basis for class action. And when he issued his first motion to dismiss months before. But he denied the class? They never moved for class certification. He never got to class certification. And what he specifically said is, in the first complaint, he said, I can't tell who this is against. I don't think there's a basis for class. And what he actually ruled, and that's one of the many times he ruled, and that was back in March, he basically said that Cruz, Mr. Cruz, only has a complaint against Freddie Mac. Right. Is there a motion for judicial notice in this case? Yes, just because to put the docket in with regard to the unlawful detainer actions to show what happened. And that has already been granted by the Court.  We already granted that.  Thanks. Thank you. Good morning, Your Honors. Good morning. Paul Katrinak on behalf of both Jose Mendoza and Anthony Cruz. And I'd like to address one point right off the bat with the Court saying there's a novel issue here. There's definitely a novel issue. In this situation, there's a clash between local rent control ordinances. There are local ordinances of the City of Los Angeles concerning rent control, concerning when you can evict somebody, when you can't evict somebody, what you have to do, and policies of multibillion-dollar behemoths that are throwing poor people out of their home. Well, I think the novel, my reason for it is, I mean, we're dealing with whether the Court could sui sponte do what it did. And is that just applying existing precedent, or is there something unusual about the facts in this case here? Because we're talking, you know, when you look at 1447D and 1447C, we're just applying it here. I apologize, Your Honor. I thought maybe the issue was something about this case. Yeah. No, not about your case itself. With regards to the... You're out of here. Yes, Your Honor. In this situation, the Court can't. Because the Court made a determination there was no jurisdiction. There's no subject matter jurisdiction. I thought the Court found that there was subject matter jurisdiction. No, the Court wasn't sure with regards to Freddie Mack. And when it was pointed out that Freddie Mack had filed unlawful detainer actions, then the Court said, I have no jurisdiction. The Court did not make a finding based on procedural grounds. The Court made a finding based on no subject matter jurisdiction. Now, if that decision is correct or incorrect... Not what it said. It said it made its decision based on waiver. Yes, Your Honor. It said waiver at one point based on the Resolute Trust decision. But the Court repeatedly said jurisdiction. The Court said, I do not have jurisdiction to hear this. Because of waiver. Because of waiver. And not for any other reason. That's true, Your Honor. The Court said it was based on waiver, but it said, I do not have subject matter jurisdiction. Now, based on the United States v. Kirchner, the legacy in court decision on this type of issue, it doesn't matter if the determination is correct or incorrect by the district court judge. If the judge made the determination that he did not have jurisdiction and remanded, case closed and it's not appealable. And the reason why is because this case has been pending in state court for a year and a half now. There's been multiple motions, a ton of litigation in state court, while this appeal has been pending. Okay. Aside from waiver, what is your understanding of the grounds for subject matter jurisdiction in this case? I mean, how was this case removed? On the basis of what? This case was removed based on the statute, the federal statute. Both Freddie Mac and Kennedy may have statutory protection that they're supposed to be in federal court. I would submit the reason for that, Your Honors, is when there is a dispute between financial institutions, because both Fannie Mae and Freddie Mac are in the secondary markets. So they're not generally going to be in a position where they're dealing with poor people in the city of Los Angeles when they're in litigation. They're generally in a position where there's a fight between Bank of America and Fannie Mae. But the statute says it's their party, that federal courts have jurisdiction. That is correct, Your Honor. Okay. Well, it doesn't really matter what the purpose for enacting that is if the statute is clear. That is correct, Your Honor. The one other point I would like to raise with regards to this situation is that I would submit that this appeal is new because it's already been remanded to State court. State court has jurisdiction on this matter. The district court judge remanded the action back to State court in July of 2010. The State court clerk took jurisdiction of this case in July of 2010, a year and a half ago. Have there been proceedings in State court? Yes, there have been multiple proceedings in State court. Now, the remedy, if they wanted to appeal this situation, I would submit, Your Honor, was they should have first applied to the district judge for a stay in proceedings, stay the remand, because we want to appeal. You have to stay the remand because we will lose jurisdiction, the federal courts will lose jurisdiction when it's just remanded. They didn't go to the district judge to stay the remand. And if the district judge would have denied their request for a stay, then they should have submitted a petition to the United Circuit to stay the remand. This case is now in State court. The federal courts no longer have jurisdiction over this case. Well, you heard a few words. You want to be in State court, they want to be in federal court, and the statute says they have a right to remove. So, I mean, our issue is just whether we can review when a judge sua sponte after the 30 days decides to kick something back. And where there is, where there does appear to be subject matter jurisdiction. Now, you haven't, when you say it's moot, you haven't gone to trial yet, right? No, we have not gone to trial yet, Your Honor. And trial is a lot different in federal court than in State court. You don't have to get a unanimous verdict there, and in federal court you do, right? That is correct, Your Honor. So, but we can't concern ourselves with what both of your, we just have to look at the statutes. We just have to look at the law. We can't concern ourselves with the motivations of either side in terms of tactics. I would submit, Your Honor, that the tactics, yes, we prefer being in State court. That is true. But it was not taught to us even by anybody. No, you didn't do it. It wasn't, the judge just came up with this. Yes. Well, we had another issue, Your Honor, where there, for what it's worth, and it was pointed out in the papers, that there are other class actions pending against other financial institutions, and there are currently pending nine other class actions based on the same conduct as Freddie Mae and Fannie Mae. Are they violating the same L.A. city ordinances? Yes, Your Honor. Yes, Your Honor. Wouldn't those have to be consolidated? They are not technically consolidated. They're related and they're coordinated by Judge Burrell at CCW right now. CCW? Central Civil West. I apologize, Your Honor. Okay. I apologize. So you're saying there's nine other class actions proceeding in the State courts. That involve exactly the same issues, involve interpreting local ordinances of the City of Los Angeles and local issues. I mean, this case really is about local ordinances and local issues. Well, were the parties there entitled to remove? Did they have the same statute that these two do?  All right. I don't have any further questions. If not, I will submit. Thank you, Your Honor. Good morning again, Your Honors. Jonathan Fink for Fannie Mae. The order that the Court issued remanding this is very specific. It does two things. The first thing it does is it grants, excuse me, it throws out the cases against the other non-federal entity defendants and says, those have to be filed in State court as separate actions against each one. And this is the exact quote from the, sorry? You're representing Freddie Mae and Fannie Mae? I just represent Fannie Mae. Okay. And who's representing those other defendants? A multitude of other attorneys represent the non-federal entities. And isn't that appropriate for him to be making this argument? No, Your Honor. Do you want to make the argument on their behalf? I'm not arguing on behalf of the non-federal entities. Okay. I'm only arguing on behalf of Fannie Mae. I thought you were saying that he shouldn't have thrown the others out. Oh, gosh, no, Your Honor. You're not making that argument? I'm not making that argument. I'm sorry. I misunderstood, Your Honor. My apologies. So is this moot, like he said? Not at all, Your Honor. What the court needs to know about the State court action is this. They are still at the pleading stage. They are on their, what they're calling their fourth amended complaint. By my count, it's actually their fifth. There's a demerit hearing on that this Friday. They have not advanced in all this time past the pleading stage. There has been no class certification. The cases are not consolidated. I just don't see how we can go either here nor there on that anyway, anyhow. I mean, our issue is just on Judge Reel. Absolutely. And on that issue, did Judge Reel say there was a lack of jurisdiction? Not at all. When he decided to remand? This is an exact quote from his June 2, 2010 order. As such, this court lacks subject matter jurisdiction over claims other than those asserted by Anthony Cruz. That's the claim against Freddie and Jose Mendoza. That's the claim against Fannie. The court could not be clearer that he was not making his decision based upon a lack of subject matter jurisdiction. I thought you said he lacked subject matter jurisdiction other than against Fannie and Freddie. Correct. Okay, so he did say that as to Fannie and Freddie, he lacked subject matter jurisdiction. No, Your Honor. He said there's no subject matter jurisdiction against the non-federal entities. Right. As to Fannie and Freddie, he said there is. I thought there was a lack. A lack of subject matter jurisdiction. No, only as to the non-federal defendants. Read the sentence. The sentence is, as such, this court lacks subject matter jurisdiction over claims other than those asserted by Anthony Cruz and Jose Mendoza. Other than against Fannie and Freddie. So what he's saying is that for the... He lacks subject jurisdiction over defendants other than Fannie and Freddie. Correct. In other words, he lacks subject jurisdiction as to Fannie and Freddie. No, Your Honor. No? All right. There were ten, roughly, defendants. As to eight of the defendants, the non-federal ones, he said there's no subject matter jurisdiction. As to the two federal ones, he said those are the ones we have subject matter jurisdiction, but I'm finding waiver. So the other banks, presumably there was no diversity jurisdiction? I don't believe they raised it as one of the grounds. So I don't know that the judge actually passed on diversity, but the judge's ruling was that there was no subject matter jurisdiction as to those other eight. They didn't appeal. They did not appeal. And the case law is very clear that waiver is not subject matter jurisdiction. Even the RTC v. Bayside development case upon which Respondent relies makes that clear, and that's the case Judge Reel relied on as well. It's even clearer from cases such as Clorax v. United States District Court cited in our briefs and in Cogdale v. Wye also cited in our briefs. Waiver is a separate basis unrelated to subject matter jurisdiction. I don't have the statute in front of me right now, Does the statute make the federal courts the exclusive forum for actions against Fannie Mae and Freddie Mac? There are two different statutes, actually. I won't speak to the Freddie statute, which is separate. I'll allow co-counsel to address that. You've used all his time. Why don't you just answer my question? I believe the Freddie statute is one that does give them the right to removal regardless. As to Fannie, I'm more comfortable speaking. Fannie, it's not exclusive jurisdiction. It's concurrent. So it's a right to remove. That's correct. But it confers jurisdiction, so concurrent jurisdiction. Correct. Any other questions, Your Honors? Thank you, Your Honors. May I have one minute? Yes. A police counsel stated to this court that the court below found that it did not have subject matter jurisdiction as to Freddie Mac. That is wrong. On page of Excerpt of Record 2, what the court said, And then on Excerpt of Record 9, what the court said during the argument, I already gave this court all the excerpts in the record. It's a 300-page record. There's not one place where this district court said there was no subject matter jurisdiction. It would fly in the face of Freddie Mac's clear statute. And to answer your question, Your Honor, it's not exclusive jurisdiction, but it's a unique statute because it lets Freddie Mac remove a case, even, for example, if it was a counterclaim defendant, because it can remove or in a plaintiff, any party. And as the Supreme Court said in Quackenbush, federal court has an unflagging duty to exercise jurisdictions given by Congress. There couldn't be clearer language than our removal statute. Thank you. Thank you. Yes, let me ask you one question. Absolutely, Your Honor. I apologize. What is your claim that Judge Rios said he lacked jurisdiction? Your Honor, I recall in the record that he said that he did not have jurisdiction. I don't have the cite in front of me. I do recall him saying that. All right. Thank you, counsel. Thank you very much. The case, Judge Derrick, it will be submitted. Thank you. Thank you, Your Honor. Thank you. Of course, we'll stand in recess for the day. All rise. We'll stand in recess. We'll stand in recess. Thank you. Thank you.
judges: Reinhardt, Wardlaw, Callahan